IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER THIRTEEN |
|---|---|---|
| THOMAS LOUWERSE LISA LOUWERSE, | : : : | BANKRUPTCY NO.: 5-07-bk-50384 |
| DEBTORS | : | |

# **OPINION**

The Second Amended Chapter 13 Plan of the Debtors, Thomas and Lisa Louwerse, is currently before the Court for confirmation. Their principal mortgagee, First Citizens National Bank, has objected to confirmation. While the record is sparse, the issue in controversy appears limited. The plan of the Debtors proposes to cure an arrearage to First Citizens by means of monthly payments to the trustee. Of those payments, $6,312.51 would be paid to First Citizens representing the total arrearage, without interest. First Citizen requests that confirmation be denied since no interest on the arrears is provided by the plan. The Bank relies on the authority provided by *Rake v. Wade*, 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993) for the argument that interest on arrearages is required. On the other hand, the Debtors argue that no interest on arrearages is required.

*Rake v. Wade* was effectively overruled in 1994 by legislation adopting 11 U.S.C.A. § 1322(e)[1]. Essentially, § 1322(e) requires that reference should be made to state law and the loan documents for a determination as to issues such as are raised here. Congress thought that mortgagees, in the absence of language in the loan documentation allowing interest, should not

---

[1] Section 1322(e) was intended to apply to contracts entered into after October 22, 1994. H.R. Rep. 103-834 at 55 (1994) reprinted in 1994 U.S.C.C.A.N. 3340, 3364. The mortgage in the case before me was dated August 22, 1998.

benefit by the mere filing of a bankruptcy. *In re Thompson*, 372 B.R. 860, 864 (Bankr. S.D.Ohio 2007). The Bank has presented its loan documents by attachment to its brief, without objection from Debtors. The very first line of the underlying promissory note indicates that interest will accrue at 10.750% "until paid in full." While not necessarily relevant, the second page of the mortgage indicates that expenditures of the Bank shall bear interest at the mortgage rate until paid by the borrower.

It appears that the amount of the arrears at the time of filing is not in dispute, being $6,312.51. It also appears undisputed that the real estate has significant equity over and above the mortgage balance. The existence of equity is significant since accruing interest will still represent fully secured debt. It is also apparent that Debtors' plan does not pay interest on the accumulated arrears. At argument, Bank counsel conceded that interest would not run on interest, rather, only on principal. Nevertheless, each amortized installment payment is typically apportioned between principal and interest. The fact that the installments accounting for the arrearage will be paid much later than scheduled in the original financing allows me to conclude that the mortgage balance accrues additional interest that will have not been addressed at the conclusion of the plan. Significant to the disposition of this issue is whether this fact should defeat the plan.

With regard to secured creditors, pivotal to confirmation is compliance with § 1325(a)(5) of the Bankruptcy law. Section 1325(a)(5) states:

> Except as provided in subsection (b), the court shall confirm a plan if–
> . . . (5) with respect to each allowed secured claim provided for by the plan--
>     (A) the holder of such claim has accepted the plan;
>     (B)(I) the plan provides that–
>         (I) the holder of such claim retain the lien securing such claim until the earlier of–
>         (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>         (bb) discharge under section 1328; and

(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
(iii) if–
(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
(C) the debtor surrenders the property securing such claim to such holder;

Since neither the Bank has accepted the plan, nor has the Debtor surrendered the collateral, only § 1325(a)(5)(B) is applicable.

Section 1325(a)(5)(B)(i)(I) specifically requires that the plan provide that the holder of an allowed secured claim "retain the lien securing such claim." First Citizens National Bank has filed a secured claim in this case and, by virtue of that filing, is a holder of an allowed secured claim. 11 U.S.C.A. § 502(a). Paragraph 3.a. of the Debtors' plan does, in fact, provide that secured creditors retain their lien, as provided in this subsection.

Section 1325(a)(5)(B)(i)(II) requires that a secured, allowed claim retain its lien if the chapter 13 is dismissed or converted prior to completion of the plan. Since the plan does not seek to modify the terms of the First Citizens Bank mortgage, I don't believe that subparagraph (II) applies. The plan makes no attempt to alter the mortgage terms or the contractual rights of First Citizen.

With regard to § 1325(a)(5)B)(ii), it is critical that the value, on the effective date of the plan, of property distributed under the plan be not less than the allowed amount of the claim. The allowed amount of the claim in this case is $13,191.98, as evidenced by Claim number 2. It appears that the mortgage in question stands as security for the principal balance and *all* accrued

interest. While it is true that the payments provided by the chapter 13 plan will not be sufficient to address the interest accruing under the original amortization schedule as if they were timely made, the oversecured mortgage still collateralizes the entire debt including that interest component. I conclude that the value distributed under the plan is not less than the allowed amount of the claim when we take into account the viability of the unmodified first mortgage.

The last requisite deals with the distribution of property in equal amounts, which is a matter within the discretion of the chapter 13 trustee and not prevented by the terms of the Debtors' plan.

In summary, I find that the plan is indeed confirmable, but that the failure to address accruing interest on the delayed payment of arrears will result in a failure to effect a total cure of the mortgage by the time the plan reaches its culmination. Accruing interest is provided for by the specific terms of the promissory note. This may have a consequential impact on the Bank's ability to declare a post bankruptcy default at such time as the automatic stay terminates.

Notwithstanding that observation, the objection to the plan does not raise issues that would result in a denial of confirmation.

An Order will follow.

Date: February 8, 2008

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*

[m:\users\cathy\opinions\5-07-bk-50384_Louwerse.wpd]    4

Case 5:07-bk-50384-JJT   Doc 44   Filed 02/08/08   Entered 02/08/08 11:00:57   Desc
Main Document   Page 4 of 4